## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| VOESTALPINE USA CORP, <br> BILSTEIN COLD ROLLED STEEL LP, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*. | Court No. 20-03829 |

### COMPLAINT

Plaintiffs, Bilstein Cold Rolled Steel LP ("Bilstein" or "Plaintiff") and VoestAlpine USA ("VoestAlpine"), by its undersigned attorney, hereby allege as follows:

### THE PARTIES

6. Plaintiff VoestAlpine is a corporation organized under the laws of the state of Delaware, with its principal place of business in at 11490 Westheimer Road, Suite 900, Houston, Texas 77077. VoestAlpine was the importer of record of a shipment of steel entered on November 12, 2018, through the Port of Detroit, Michigan, Entry No. 5207919-1 (the "Entry").

7. Plaintiff Bilstein is a corporation duly organized and existing under the laws of the State of Delaware, which maintains its primary place of business at 1491 Commonwealth Blvd, Bowling Green, Kentucky. Bilstein was the purchaser of steel imported by VoestAlpine on the Entry.

8. Defendant United States controls the Department of Commerce and the Bureau of Industry and Security within the Department of Commerce. The Bureau of Industry and Security is responsible for the creation and operation of the steel 232 program, including all

aspects of evaluating, approving and administering the product exclusion mechanism under 15 CFR Part 705, Supplement 1.

## JURISDICTION

4. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1581(i)(1), (2) and (4) because this civil action is commenced to contest the failure to refund duties under Section 232 of the Trade Expansion Act of 1962, as amended, that are excluded by reason of an approved exclusion under 15 CFR Part 705, Appendix A.  The United States approved the exclusion on September 28, 2018.  US Customs and Border Protection assessed and collected duties notwithstanding the exclusion to the Entry.  Thus, the Court has jurisdiction because no other subsection of Section 1581 applies and the action taken is described in Section 1581(i)(2) and (4).  As stated in 28 U.S.C. § 1581(i):

> In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
>
> 2. tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>
> ***
>
> 4. administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

5. Plaintiff VoestAlpine USA is the importer of record of the merchandise upon which the duties that are the subject of this action were assessed and paid and which are covered by Exclusion No. BIS-2018-0006-25363.

6. This case is brought to compel the Defendant United States to refund duties assessed and collected at or near the time of entry.

7. Plaintiff Bilstein is the real party at interest, having reimbursed VoestAlpine for all duties and fees imposed upon VoestAlpine by Customs with respect to the Entry.

## TIMELINESS OF THIS ACTION

8. Duties were paid on the Entry on or after November 12, 2018. This action is commenced less than two years after that date and is therefore timely. See 28 U.S.C. § 2636(i).

## THE EXCLUSION

9. The product exclusion program was instituted pursuant to presidential proclamations under the authority of Section 232 of the Trade Expansion Act of 1962, as amended, codified at 19 U.S.C. § 1862. Proclamation 9705 (March 8, 2018), 83 Fed. Reg. 11625 (March 15, 2018) and Proclamation 9777 (August 29, 2018), 83 Fed. Reg. 45025 (September 4, 2018) authorized the Secretary of Commerce to develop and administer a product exclusion program. Exclusion No. BIS-2018-0006-25363 granted to Bilstein was pursuant to this authorization.

10. Exclusion No. BIS-2018-0006-25363 was approved by the Bureau of Industry and Security on September 28, 2018. Plaintiff Bilstein submitted this exclusion request on July 10, 2018. See https://beta.regulations.gov/document/BIS-2018-0006-25363.

11. The exclusion approved by BIS included a Harmonized Tariff classification number that does not exist. The correct classification number of the steel is 7208.39.0090. The product specifications described in the exclusion were met in every particular by the above-reference entry.

12. Defendant did not refund duties paid on the Entry. Plaintiff Bilstein continues to work with the Bureau of Industry and Security to secure refunds.

13. On September 2, 2020, BIS notified Bilstein of the availability of a "resubmission" procedure to permit retroactive application of an exclusion. The procedure outlined is not found

in the regulations published in 15 CFR Part 705 Supplement 1.

14. Bilstein has worked diligently to secure a refund under this unpublished procedure. However, on November 2, 2020 the Bureau of Industry and Security informed Bilstein that it would not approve a "resubmission" of the exclusion request unless the protest period under 19 U.S.C. § 1514 was available. The protest period for the Entry is not open. Thus, the Bureau of Industry and Security will not accept the correct tariff classification number and will not permit a refund of duties paid.

15. Plaintiff VoestAlpine paid all assessed duties and received no refund of duties on this entry.

16. The exclusion provided for a quantity to be excluded of 1 million kilograms. The Entry included less than 1 million kilograms. While the port of entry and the importer of record in Exclusion No. BIS-2018-0006-25363 are not consistent with the Entry, these differences are not material to the Exclusion's applicability.

**CLAIM**

17. Paragraphs 1 through 16, *supra*, are incorporated as though set forth fully herein.

18. The Entry was imported through the Port of Detroit. The difference in the port of entry does not disqualify the Entry from application of the exclusion.

19. Similarly, the importer of record on the Entry and the Exclusion Request does not disqualify the Entry from application of the exclusion.

20. Defendant United States wrongfully failed to refund duties under Section 232.

21. Defendant BIS has refused to assist in securing refund of the duties.

22. Therefore, the United States is wrongfully in possession of the section 232 duties on the above-referenced entry.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) enter judgment holding that the Exclusion granted to Bilstein applies to the Entry of November 12, 2018;

(b) enter judgment that Defendant must refund all duties on the Entry collected pursuant to section 232 of the Trade Act of 1974 on merchandise subject to Exclusion No. BIS-2018-0006-25363;

(c) order refund of the monies due through reliquidation of the above-referenced Entry, including interest as provided by law; and

(d) grant such additional relief the Court deems just and proper.

Respectfully submitted,

s/Lewis Evart Leibowitz
Lewis E. Leibowitz
*The Law Office of Lewis E. Leibowitz*
1400 16th Street, N.W., Suite 350
Washington, D.C. 20036
Tel.: (202) 776-1142
*Attorney for Plaintiffs*

Dated: November 10, 2020