THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE MARK A. BARNETT, JUDGE

_____

|  |  |  |
|---|---|---|
| VOESTALPINE USA CORP. | : | |
| BILSTEIN COLD ROLLED STEEL LP, | : | |
| | : | |
| Plaintiffs, | : | Consol. Court No.  20-03829 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____ :

## **ORDER**

Upon reading defendant's motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted, plaintiffs' response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted, and it is further

**ORDERED** that this consolidated action is dismissed with prejudice.


_____
Judge

Dated: _____, 2021
        New York, New York

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE MARK A. BARNETT, JUDGE

_____ :
VOESTALPINE USA CORP.                       :
BILSTEIN COLD ROLLED STEEL LP,              :
                                            :
                         Plaintiffs,        :     Consol. Court No.  20-03829
                                            :
              v.                            :
                                            :
UNITED STATES,                              :
                                            :
                         Defendant.         :
_____ :

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of

International Trade, defendant, the United States, respectfully requests that the Court dismiss this

consolidated action for lack of subject matter jurisdiction or failure to state a claim upon which

relief can be granted on the grounds set forth in the accompanying memorandum of law.

WHEREFORE, the United States respectfully asks this Court to enter an order granting

its motion to dismiss and dismissing this action.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/ Aimee Lee
AIMEE LEE
Assistant Director
Department of Justice
Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, NY 10278
Tel: (212) 264-9253

*Attorneys for Defendants*

Of Counsel:
Anthony Saler
Assistant Division Chief
Office of the Chief Counsel
Bureau of Industry and Security
U.S. Department of Commerce

Yelena Slepak
Senior Attorney
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

February 25, 2021

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE MARK A. BARNETT, JUDGE

_____
                                                     :
VOESTALPINE USA CORP.                                :
BILSTEIN COLD ROLLED STEEL LP,                       :
                                                     :
                         Plaintiffs,                 :         Consol. Court No.  20-03829
                                                     :
            v.                                       :
                                                     :
UNITED STATES,                                       :
                                                     :
                         Defendant.                  :
_____              :

**DEFENDANT'S MOTION TO DISMISS**

Of Counsel:                            BRIAN M. BOYNTON
Anthony Saler                          Acting Assistant Attorney General
Assistant Division Chief
Office of the Chief Counsel            JEANNE E. DAVIDSON
Bureau of Industry and                 Director
Security
U.S. Department of                     TARA K. HOGAN
Commerce                               Assistant Director

                                       AIMEE LEE
Yelena Slepak                          Assistant Director
Senior Attorney                        Department of Justice
Office of the Assistant Chief          Civil Division
Counsel                                Commercial Litigation Branch
International Trade Litigation          26 Federal Plaza, Room 346
U.S. Customs and Border                New York, NY 10278
Protection                             Tel: (212) 264-9253

February 25, 2021                      *Attorneys for Defendant*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

QUESTIONS PRESENTED....................................................................................................3

BACKGROUND ....................................................................................................................4

I. The President's Proclamations Adjusting Imports Of Steel To Protect National Security And Directing Commerce To Establish An Exclusion Process ......................4

A. Proclamation 9705 ............................................................................4

B. Proclamation 9777 ............................................................................6

II. The Regulations Covering Exclusion Requests....................................................6

III. CBP's Procedure To Claim An Exclusion On Entries Of Merchandise.....................8

IV. The Plaintiffs' Exclusion Request And Entries At Issue ...........................................11

ARGUMENT ........................................................................................................................14

I. Legal Standards.......................................................................................14

A. Standard Of Review For A Motion To Dismiss Pursuant To USCIT R. 12(b)(1)...................................................14

B. Standard Of Review For A Motion To Dismiss Pursuant To USCIT R. 12(b)(6)...................................................14

II. The Court May Not Exercise Residual Jurisdiction Over The Complaints Because 28 U.S.C. § 1581(a) Jurisdiction Was Available And Was Not Manifestly Inadequate ...........................................................................16

A. The True Nature Of This Action Is A Challenge To The Assessment Of Duties On Specific Entries .............................................16

B. There Is No Jurisdiction Under Section 1581(i) Because Jurisdiction Under Section 1581(a) Is Manifestly Adequate...............................................19

III. Even Assuming That The True Nature Of The Plaintiffs' Challenge Is To Commerce's Exclusion Decision, That Claim Is Now Moot ......................................22

IV. The Plaintiffs' Conclusory Allegations Fail To Plead A Plausible Claim Against Defendant...............................................................................25

CONCLUSION..................................................................................................................29

# TABLE OF AUTHORITIES

## Cases

*Am. Air Parcel Forwarding Co. v. United States*,
   718 F.2d 1546 (Fed. Cir. 1983)................................................................................. 19

*Am. Inst. for Int'l Steel, Inc. v. United States*,
   376 F. Supp. 3d 1335 (Ct. Int'l Trade 2019) ............................................................. 4

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006)................................................................................................. 14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................... 15, 25

*Asia Vital Components Co. v. Asetek Danmark A/S*,
   837 F.3d 1249 (Fed. Cir. 2016)............................................................................... 14

*Autoalliance Int'l, Inc. v. United States*,
   398 F. Supp. 2d 1326 (Ct. Int'l Trade 2005) .......................................................... 14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................. 15

*Browning v. Clinton*,
   292 F.3d 235 (D.C. Cir. 2002) ................................................................................ 15

*Carbon Activated Corp. v. United States*,
   6 F. Supp. 3d 1378 (Ct. Int'l Trade 2014), *aff'd*, 791 F.3d 1312 (Fed. Cir. 2015)................... 20

*Cedars-Sinai Med. Ctr. v. Watkins*,
   11 F.3d 1573 (Fed. Cir. 1993).................................................................................. 14

*Chafin v. Chafin*,
   568 U.S. 165 (2013)................................................................................................. 23

*Chemsol, LLC v. United States*,
   755 F.3d 1345 (Fed. Cir. 2014)............................................................................... 16

*Design Int'l Grp., Inc. v. United States*,
   113 F. Supp. 3d 1342 (Ct. Int'l Trade 2015) .......................................................... 14

*Erwin Hymer Grp. N. Am., Inc. v. United States*,
   930 F.3d 1370 (Fed. Cir. 2019)............................................................................... 20

*Etheredge v. Hail*,
    996 F.3d 1173 (11th Cir. 1993) ........................................................................ 23

*Franklin v. Curry*,
    738 F.3d 1246 (11th Cir. 2013) ........................................................................ 25

*Fund for Animals v. Hogan*,
    428 F.3d 1059 (D.C. Cir. 2005) ........................................................................ 24

*Genesis Healthcare Corp. v. Symczyk*,
    569 U.S. 66 (2013) .............................................................................................. 23

*Hartford Fire Ins. Co. v. United States*,
    544 F.3d 1289 (Fed. Cir. 2008) ........................................................................ 20

*In re Terrorists Attacks on Sept. 11, 2011*,
    740 F. Supp. 2d 494 (S.D.N.Y. 2010), *aff'd sub nom. In Re Terrorist Attacks on Sept. 11,
    2011*, 714 F.3d 118 (2d Cir. 2013) .................................................................... 25

*Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*,
    938 F.3d 1355 (Fed. Cir. 2019) ........................................................................ 14

*Int'l Custom Prods., Inc. v. United States*,
    467 F.3d 1324 (Fed. Cir. 2006) ........................................................................ 19

*Iron Arrow Honor Society v. Heckler*,
    464 U.S. 67 (1983) .............................................................................................. 23

*ITT Semiconductors v. United States*,
    6 C.I.T. 231, 576 F. Supp. 641 (1983) .............................................................. 16

*Juice Farms, Inc. v. United States*,
    68 F.3d 1344 (Fed. Cir. 1995) .................................................................... 20, 22

*Kellogg Brown & Root Servs., Inc. v. United States*,
    728 F.3d 1348 (Fed. Cir. 2013) ........................................................................ 15

*Knox v. Serv. Employees*,
    567 U.S. 298 (2012) ............................................................................................ 23

*McCarthy v. Madigan*,
    503 U.S. 140 (1992) ............................................................................................ 19

*Nat'l Nail Corp. v. United States*,
    335 F. Supp. 3d 1321 (Ct. Int'l Trade 2018) .................................................... 20

*Norsk Hydro Can., Inc. v. United States,*
    472 F.3d 1347 (Fed. Cir. 2006) ................................................................ 16, 17

*Power Analytics Corp. v. Operation Tech., Inc.,*
    820 F. App'x 1005 (Fed. Cir. 2020) ................................................................ 25

*Rack Room Shoes v. United States,*
    718 F.3d 1370 (Fed. Cir. 2013) ................................................................ 15

*Sandvik Steel Co. v. United States,*
    164 F.3d 596 (Fed. Cir. 1998) ................................................................ 18, 19, 21

*Starr v. Sony BMG Music Entm't,*
    592 F.3d 314 (2d Cir. 2010) ................................................................ 25

*Sunpreme, Inc. v. United States,*
    892 F.3d 1186 (Fed. Cir. 2018) ................................................................ 16, 20, 22

*United Pac. Ins. Co. v. United States,*
    464 F.3d 1325 (Fed. Cir. 2006) ................................................................ 14, 15

*United States v. Cotton,*
    535 U.S. 625 (2002) ................................................................ 14

*United States v. Uniroyal, Inc.,*
    687 F.2d 467 (CCPA 1982) ................................................................ 19, 20

*Verson v. United States,*
    5 F. Supp. 2d 963 (Ct. Int'l Trade 1998) ................................................................ 23

*Voestalpine Precision Strip GmbH v. United States,*
    CIT Court No. 20-03904 ................................................................ 21

*Wuxi Seamless Oil Pipe Co., Ltd. v. United States,*
    780 F. Supp. 2d 1337 (Ct. Int'l Trade 2011) ................................................................ 15

## **Statutes**

5 U.S.C. § 704 ................................................................ 22

19 U.S.C. § 1504(b) ................................................................ 27

19 U.S.C. § 1514 ................................................................ 20, 23, 26

19 U.S.C. § 1514(a) ................................................................ 13, 27

19 U.S.C. § 1514(a)(5) ................................................................................................ 21

19 U.S.C. § 1514(c)(3)(A) ........................................................................................... 21

19 U.S.C. § 1862 ................................................................................................. *passim*

28 U.S.C. § 1581(a) ............................................................................................ *passim*

28 U.S.C. § 1581(i) ........................................................................... 3, 16, 19, 20, 22

28 U.S.C. § 1581(i)(1) ................................................................................................ 16

28 U.S.C. § 1581(i)(2) ................................................................................................ 16

28 U.S.C. § 1581(i)(4) ................................................................................................ 16

**Rules**

USCIT R. 12(b)(1) ................................................................................................ 1, 14

USCIT R. 12(b)(6) ................................................................................................ 1, 14

**Regulations**

15 C.F.R. Pt. 705, Supp. 1 (effective Mar. 19, 2018) ........................................... 6, 17

15 C.F.R. Pt. 705, Supp. 1(a) (effective Mar. 19, 2018) ............................................. 7

15 C.F.R. Pt. 705, Supp. 1(b) (effective Mar. 19, 2018) ............................................. 7

15 C.F.R. Pt. 705, Supp. 1(c) (effective Mar. 19, 2018) ............................................. 7

15 C.F.R. Pt. 705, Supp. 1(c)(2) (effective Mar. 19, 2018) ......................................... 7

15 C.F.R. Pt. 705, Supp. 1(c)(4) (effective Mar. 19, 2018) ......................................... 7

15 C.F.R. Pt. 705, Supp. 1(c)(5) (effective Mar. 19, 2018) ......................................... 7

15 C.F.R. Pt. 705, Supp. 1(d)(1) (effective Mar. 19, 2018) ......................................... 7

15 C.F.R. Pt. 705, Supp. 1(f)(1)(A) (effective Mar. 19, 2018) ..................................... 7

15 C.F.R. Pt. 705, Supp. 1(f)(2) (effective Mar. 19, 2018) ...................................... 7, 8

15 C.F.R. Pt. 705, Supp. 1(f)(3) (effective Mar. 19, 2018) .................................... 8, 18

15 C.F.R. Pt. 705, Supp. 1 (effective Sept. 11, 2018)........................................... 6, 7, 24

15 C.F.R. Pt. 705, Supp. 1(h)(2)(iii)(B) (effective Sept. 11, 2018)............................ 19

**Harmonized Tariff Schedule of the United States**

Chapter 72

Subheading 7208.39.00.................................................................................. 12

Subheading 7225.30....................................................................................... 11

Subheading 7225.30.70.................................................................................. 12

Chapter 99

Note 16(b) .............................................................................................. 5, 12, 13

Note 16(c) ....................................................................................................... 5

Note 16(d) ...................................................................................................... 5

Subheading 9903.80.01 ................................................................................. 5, 12

**Proclamations**

*Proclamation 9705, Adjusting Imports of Steel Into the United States,*
  83 Fed. Reg. 11,625 (Mar. 8, 2018)..................................... 4, 5, 6, 8, 17, 21

*Proclamation 9711, Adjusting Imports of Steel Into the United States,*
  83 Fed. Reg. 13,361 (Mar. 22, 2018)................................................................ 6

*Proclamation 9777, Adjusting Imports of Steel Into the United States,*
  83 Fed. Reg. 45,025 (Aug. 29, 2018)........................................................ 6, 17, 21

**Other Authorities**

U.S. Customs and Border Protection, Cargo Systems Messaging Service,
  CSMS # 18-000352 – Submitting Imports of Products Excluded from Duties on Imports of
  Steel or Aluminum (May 21, 2018)...................................................................*passim*

U.S. Customs and Border Protection, Cargo Systems Messaging Service,
  CSMS # 18-000378 – UPDATE: Submitting Imports of Products Excluded from Duties on
  Imports of Steel or Alumin (June 12, 2018) ......................................................*passim*

U.S. Customs and Border Protection, Cargo Systems Messaging Service,
CSMS # 39633923 – UPDATE: Submitting Imports of Products Excluded from Duties on
Imports of Steel or Aluminum (Sept. 3, 2019) ...................................................... 10, 18, 21, 27

U.S. Customs and Border Protection, Cargo Systems Messaging Service,
CSMS #42566154 – Section 232 and Section 301 – Extension Requests, PSCs, and Protests
(May 1, 2020) ................................................................................................ 10, 11, 21, 26, 27

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE MARK A. BARNETT, JUDGE

---

|                                                    |   |                         |
|----------------------------------------------------|---|-------------------------|
| VOESTALPINE USA CORP.                              | : |                         |
| BILSTEIN COLD ROLLED STEEL LP,                     | : |                         |
|                                                    | : |                         |
|                         Plaintiffs,                | : | Consol. Court No.  20-03829 |
|                                                    | : |                         |
|                    v.                              | : |                         |
|                                                    | : |                         |
| UNITED STATES,                                     | : |                         |
|                                                    | : |                         |
|                         Defendant.                 | : |                         |

---

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court dismiss this consolidated action filed by plaintiffs Voestalpine USA Corp. (Voestalpine) and Bilstein Cold Rolled Steel LP (Bilstein), (collectively plaintiffs), for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

## **INTRODUCTION**

Plaintiffs seek a refund of duties assessed pursuant to Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862, (Section 232 duties) on two entries of steel for which liquidations are final.  Section 232 duties apply to steel article imports into the United States unless the importer obtains and utilizes an exclusion from such duties.  The importer must first request an exclusion from the Department of Commerce for duties on the entries of a particular product as identified by a correct tariff number, and Commerce must then grant the exclusion request.  A granted exclusion does not automatically exempt an importer from the applicable duties.  Rather, the importer must provide certain information to U.S. Customs and Border

Protection related to the exclusion, prior to and at the time of entry, to receive an actual exemption from duties.  CBP has the sole authority and responsibility for assessing and collecting duties, and requires this information to apply an exclusion and to ensure that duties are correctly assessed.

Here, Bilstein provided an invalid tariff number to Commerce in its exclusion request. Commerce granted the exclusion, which contained the invalid tariff number.  Plaintiffs did not notify CBP that the exclusion applied or provide the necessary information to utilize that exclusion for their entries, as is required.  Instead, the entry documents identified their entries **as subject to** Section 232 duties.  Consistent with that representation, the plaintiffs deposited estimated duties, including the Section 232 duties, and CBP subsequently liquidated the entries with the duties.  After the plaintiffs failed to protest CBP's decision, the liquidation of the entries became final and conclusive by operation of law.

Notwithstanding this Court's jurisdictional requirements for challenging CBP's final determinations concerning the applicable tariff classification and rate and amount of duties chargeable upon liquidation, plaintiffs focus on Commerce's approval of an exclusion request containing an invalid tariff number.  Plaintiffs do not dispute that Commerce approved this exclusion request based on Bilstein's own information.  Nor do they dispute that the exclusion request identified an invalid tariff number.  Moreover, prior to liquidation, plaintiffs never attempted to use the procedures necessary to inform CBP that an exclusion applied to the entries or claim that the exclusion contained an invalid tariff number.

In sum, this action seeks to challenge CBP's liquidation decision – a decision that is now final and conclusive.  As a result, this case should be dismissed for lack of subject matter jurisdiction.  First, 28 U.S.C. § 1581(a) governs and provides a manifestly adequate remedy for

the true nature of plaintiffs' claims – a challenge to CBP's decision to assess Section 232 duties through liquidation.  This precludes the asserted basis of jurisdiction under 28 U.S.C. § 1581(i).  Moreover, Bilstein has resubmitted its exclusion request with a corrected tariff number.  Commerce has granted that request with retroactive applicability, rendering any dispute over the exclusion moot.  Additionally, plaintiffs fail to plausibly allege any wrongdoing by either Commerce or CBP that resulted in the assessment and collection of Section 232 duties.  To the contrary, the liquidation of the entries with the assessment of Section 232 duties is directly attributable to plaintiffs' own inaction in failing to use the approved exclusion and by failing to timely protest the liquidations.

## <u>QUESTIONS PRESENTED</u>

1.  Whether this Court lacks jurisdiction pursuant to 28 U.S.C. § 1581(i) over plaintiffs' claim for a refund of Section 232 duties because the liquidation of the entries with Section 232 duties was protestable and jurisdiction was available under 28 U.S.C. § 1581(a).

2.  Whether this case should be dismissed as moot because Commerce has now granted Bilstein an exclusion, with a correct tariff number, that applies retroactively to the date of its original request.

3.  Whether plaintiffs fail to state a claim for which relief can be granted because the complaints make conclusory assertions and fail to connect any wrongdoing by Commerce or CBP to the assessment or collection of Section 232 duties.

## BACKGROUND

I.     **The President's Proclamations Adjusting Imports Of Steel To Protect National Security And Directing Commerce To Establish An Exclusion Process**

Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862, authorizes the President to "adjust imports" to avert their threat of impairment to national security.  *See generally Am. Inst. for Int'l Steel, Inc. v. United States*, 376 F. Supp. 3d 1335 (Ct. Int'l Trade 2019).  Through a series of proclamations, the President imposed Section 232 duties on the import of steel articles into the United States.  The President also granted the Secretary of Commerce the discretion to provide relief, in the form of exclusions, from the tariffs under certain circumstances.

A.  **Proclamation 9705**

In Proclamation 9705, the President established a 25 percent tariff on imports of steel articles, effective March 23, 2018.  *Proclamation 9705, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 11,625, clause 2 (Mar. 8, 2018) (Proclamation 9705).  The President further established that steel articles subject to the tariff "are defined at the Harmonized Tariff Schedule … 6-digit level as: 7206.10 through 7216.50, 7216.99 through 7301.10, 7302.10, 7302.40 through 7302.90, and 7304.10 through 7306.90, including any subsequent revisions to these HTS classifications."  Proclamation 9705, clause 1.  All articles specified in the Annex are subject to Section 232 tariffs in addition to any other applicable duties.  Proclamation 9705, clause 2.

The President also authorized the Secretary of Commerce "to provide relief from the additional duties" set forth in the proclamations "for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" and "to provide such relief based upon specific national security considerations."

4

Proclamation 9705, clause 3.  Such relief would be provided only after a request for an exclusion is made.  If the Secretary determines that a particular steel article should be excluded, the Secretary shall publish a notice and "notify Customs and Border Protection (CBP) of the Department of Homeland Security concerning such article so that it will be excluded from the duties described in clause 2 of this proclamation."  *Id.*

The President modified subchapter III, chapter 99, of the HTSUS to add a new subheading, 9903.80.01, which provided for an additional 25 percent tariff for "[p]roducts of iron or steel provided for in the tariff headings or subheadings enumerated in note 16 to this subchapter, except products of Canada [or] of Mexico…or any exclusions that may be determined and announced by the Department of Commerce."  HTSUS, Revision 2, Chapter 99, subheading 9903.80.01 (Posted Mar. 29, 2018).  The new Note 16 states that: "[t]he rates of duty set forth in heading 9903.80.01 apply to all imported products of iron or steel classifiable in the provisions enumerated in this subdivision," followed by a list of subheadings pertaining to certain iron and steel products in chapters 72, 73 and 76 of the HTSUS.  Proclamation 9705, Annex (U.S. Note 16(b)).  The Note further provides that the "Secretary of Commerce may determine and announce any exclusions from heading 9903.80.01 that may be appropriate for individual iron or steel products otherwise covered by subdivision (b) of this note…and shall immediately convey all such determinations to U.S. Customs and Border Protection ("CBP") for implementation by CBP at the earliest possible opportunity, but not later than five business days after the date on which CBP receives any such determination from Commerce."  Proclamation 9705, Annex (U.S. Note 16(c)).  Moreover, the Note requires that importers "shall provide any information that may be required, and in such form, as is deemed necessary by CBP in order to permit the administration of this subheading."  Proclamation 9705, Annex (U.S. Note 16(d)).

B.      **Proclamation 9777**

On August 29, 2018, the President further clarified that granted exclusions would apply only to those entries for which liquidation is not final.  The President amended Proclamation 9705, clause 3 (as amended by Proclamation 9711[1]) with the following:

> If the Secretary determines that a particular steel article should be excluded, the Secretary shall publicly post such determination and notify U.S. Customs and Border Protection (CBP) of the Department of Homeland Security concerning such article so that it will be excluded from the duties described in clause 2 of this proclamation.  For merchandise entered for consumption, or withdrawn from warehouse for consumption, on or after the date the duty established under this proclamation is effective and **with respect to which liquidation is not final**, such relief shall be retroactive to the date the request for relief was accepted by the Department of Commerce.

*Proclamation 9777, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025 (Aug. 29, 2018) (Proclamation 9777) (emphasis added).

II.     **The Regulations Covering Exclusion Requests**

Part 705 of 15 C.F.R. Supplement 1, sets forth the requirements for submissions requesting exclusion from the Section 232 duties instituted in Proclamation 9705.  15 C.F.R. Pt. 705, Supp. 1 (effective Mar. 19, 2018).  Commerce has since revised these regulations several times.  We, therefore, describe the regulations as they were in effect at the time Bilstein made its exclusion request.[2]

---

[1]  The President issued Proclamation 9711 that amended clause 3 of Proclamation 9705 by adding a new third and fifth sentence.  *Proclamation 9711, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 13,361 (Mar. 22, 2018) (Proclamation 9711).

[2]  The Supplement to 15 C.F.R. Pt. 705 has been amended several times. The version that came into effect on September 11, 2018, shortly before the decision on Bilstein's exclusion request contained an alteration to the exclusion request process to include: an opportunity for rebuttal and surrebuttal, a streamlined review process for "no objection" requests, new sections concerning the effective date for approved exclusions, and instructions for importers to contact

The supplement outlines the procedure and time periods for submitting exclusion requests and objections to exclusion requests.  *Id*. at (a).  The supplement refers to two electronic fillable forms that are to be used to submit requests and objections to exclusion requests.  *Id*. at (b).  Subsection (c), *Exclusion requests*, addresses who may submit an exclusion request and the information required.  The requestor must include a 10-digit Harmonized Tariff Schedule statistical reporting number, and a description of the merchandise, such as chemistry, metallurgical properties, and distinct critical dimensions.  *Id*. at (c)(2).  The domestic industry uses the statistical tariff reporting number to identify products that are sought to be excluded to determine whether to object to the request.  Objections to submitted requests may be made by "[a]ny individual or organization in the United States."  *Id*. at (d)(1).

The exclusions are approved on the basis of a particular product and are limited to "the individual or organization that submitted the specific exclusion request" unless otherwise noted.  *Id*. at (c)(2).  Exclusion requests may be submitted at any time.  *Id*. at (c)(4).  Commerce reviews an exclusion request and determines if the article described in the request is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations.  *Id*. at (c)(5).

If the submitted request does not satisfy the baseline submission requirements (including providing information discussed above), Commerce will deny the exclusion request.  *Id*. at (f)(1)(A) (referencing paragraph (b)).

Commerce posts responses to each exclusion request and objections to an exclusion request submitted under docket number BIS-2018-0006 on the Federal rulemaking portal.  *Id*. at

---

CBP for refunds, among other changes.  *See* 15 C.F.R. Pt. 705, Supp. 1 (effective Sept. 11, 2018).

(f)(2).  The review period for exclusion requests "normally will not exceed 90 days, including adjudication of objections."  *Id*. at (f)(3).  If Commerce approves an exclusion request, that exclusion will be effective five business days after the posting of the grant of the exclusion.  *Id*. at (f)(2).  On that date, the requester will be able "to rely" upon the approved exclusion request. *Id*.  Exclusions are generally approved for one year.  *Id*.  Approved exclusions are assigned a product exclusion number.

Other agencies, such as CBP, "will take any additional steps needed to implement an approved exclusion."  *Id*. at (f)(3).  "Individuals or organizations whose exclusion requests are approved must report information concerning any applicable exclusion in such form as CBP may require.  These exclusion identifiers will be used by importers in the data collected by CBP in order for CBP to determine whether an import is within the scope of an approved exclusion request."  *Id*.

### III.   CBP's Procedures To Claim An Exclusion On Entries Of Merchandise

CBP issued a series of Cargo Systems Messaging Service (CSMS) messages to the importing public, providing instructions on how to use an approved exclusion for particular entries.  On May 21, 2018, CBP issued CSMS No. 18-000352 as guidance on the process for parties to submit requests for exclusions from the Section 232 duties imposed by Proclamation 9705.[3]  CBP instructed parties entering steel products claiming exclusions granted by Commerce to:

---

[3]  U.S. Customs and Border Protection, Cargo Systems Messaging Service, CSMS #18-000352 – Submitting Imports of Products Excluded from Duties on Imports of Steel or Aluminum (May 21, 2018), *available at* https://content.govdelivery.com/accounts/USDHSCBP/bulletins/1f1986e?utm_source=google&utm_medium=google&utm_term=(not%20provided)&utm_content=undefined&utm_campaign=(not%20set)&gclid=undefined&dclid=undefined&GAID=145228974.1610464220 (last visited Feb. 25, 2021).

> submit the product exclusion number based on the last six digits of the
> product exclusion docket number at Regulations.gov. The product
> exclusion number should be submitted in the Importer Additional
> Declaration Field (54 record) of the entry summary data, based on the
> following format:
>
> For excluded steel mill articles = STLXXXXX
>
> [ . . . ]
>
> XXXXXX represent the last six digits of the Regulations.gov docket
> number; do not include spaces or special characters, such as hyphens.

*Id*. The guidance advised importers "not [to] submit the corresponding Chapter 99 HTS number

for the Section 232 duties when the product exclusion number is submitted" and provided that

"[t]o request an administrative refund for previous imports of excluded products granted by

DOC, importers may file a PSC [Post Summary Correction] and provide the product exclusion

number in the Additional Declaration Field." *Id*. "If the entry has already liquidated," the

guidance stated that "importers may protest the liquidation." *Id*.

CBP issued updated guidance on June 12, 2018, in CSMS No. 18-000378.[4] The updated

guidance advised that:

> Upon receipt of the approved product exclusion from the DOC, for
> the importer of record listed in the approved exclusion, please
> provide the company's name, address and importer of record
> number, and the associated product exclusion number, to U.S.
> Customs and Border Protection (CBP) at
> Traderemedy@cbp.dhs.gov.

---

[4] U.S. Customs and Border Protection, Cargo Systems Messaging Service, CSMS #18-000378 – UPDATE: Submitting Imports of Products Excluded from Duties on Imports of Steel or Alumin (June 12, 2018), *available at* https://content.govdelivery.com/accounts/USDHSCBP/bulletins/1f6cce3?utm_source=google&utm_medium=google&utm_term=(not%20provided)&utm_content=undefined&utm_campaign=(not%20set)&gclid=undefined&dclid=undefined&GAID=145228974.1610464220 (last visited Feb. 25, 2021).

> You must provide this information to CBP **before** the importer of
> record submits the exclusion number with entries to CBP.

*Id*. (emphasis added).  In all other respects, CSMS No. 18-000378 was substantively identical to

CSMS No. 18-000352.  *Id*.

A third guidance message, CSMS No. 39633923, was issued on September 3, 2019.[5]

This guidance reiterated that the importer needed to provide CBP with its contact information,

importer of record number, and product exclusion number before the importer filed entries using

the exclusion number "in order to activate the approved product exclusion number in the

Automated Commercial Environment (ACE)."  CSMS No. 39633923.  As with the prior

guidance, CSMS No. 39633923 advised that, "[t]o request an administrative refund for previous

imports of duty-excluded products granted by DOC, importers may file a Post Summary

Correction (PSC) and provide the product exclusion number in the Importer Additional

Declaration Field.  If the entry has already liquidated, importers may protest the liquidation."  *Id*.

On May 1, 2020, CBP issued a fourth relevant CSMS message, CSMS No. 42566154 –

Section 232 and Section 301 – Extension Requests, PSCs, and Protests.[6]  The purpose of the

guidance was "to advise the trade community on the process for submitting retroactive claims for

---

[5]  U.S. Customs and Border Protection, Cargo Systems Messaging Service, CSMS #39633923 –
UPDATE: Submitting Imports of Products Excluded from Duties on Imports of Steel or
Aluminum (September 3, 2019), *available at*
https://content.govdelivery.com/accounts/USDHSCBP/bulletins/25cc403?utm_source=google&
utm_medium=google&utm_term=(not%20provided)&utm_content=undefined&utm_campaign=
(not%20set)&gclid=undefined&dclid=undefined&GAID=145228974.1610464220 (last visited
Feb. 25, 2021).
[6]  U.S. Customs and Border Protection, Cargo Systems Messaging Service , CSMS #42566154 –
Section 232 and Section 301 – Extension Requests, PSCs, and Protests (May 1, 2020), *available
at*
https://content.govdelivery.com/accounts/USDHSCBP/bulletins/289820a?utm_source=google&
utm_medium=google&utm_term=(not%20provided)&utm_content=undefined&utm_campaign=
(not%20set)&gclid=undefined&dclid=undefined&GAID=145228974.1610464220 (last visited
February 25, 2021).

Section 232 …product exclusions to CBP."  CSMS No. 42566154.  The notice reiterated that
"Section 232…product exclusions granted by [Commerce]…may be retroactive for unliquidated
entries and for entries that are liquidated but where the liquidation is not final and the protest
period has not expired," so long as the importer took corrective action by filing a PSC or timely
protest.  *Id.*  The guidance also provided information for importers with pending exclusion
requests who wished to extend the timeline for the liquidation of affected entries.  *Id.*

IV.     **Plaintiffs' Exclusion Request And Entries At Issue**

On July 10, 2018, Bilstein submitted an exclusion request (BIS-2018-0006-25363) for its
steel merchandise described as hot rolled black C15M steel.  Exclusion req. BIS-2018-0006-
25363, *available at*  https://beta.regulations.gov/document/BIS-2018-0006-25363,[7] Exh. A.
Bilstein's exclusion request identified HTSUS 7225.30.0000 as the 10-digit statistical reporting
number applicable to its merchandise.  *Id.*  After no objections were filed to this exclusion
request, Commerce granted the exclusion request on September 28, 2018 and assigned a product
exclusion number.  BIS Decision Memo on BIS-2018-0006-25363 (Sept. 28, 2018), Exh. B.[8]

The approved exclusion contained the same statistical tariff number that Bilstein had
provided and represented was accurate in its request.  The heading and the six-digit level
subheading number – 7225.30 – were valid and cover "Flat-rolled products of other alloy steel,
of a width of 600 mm or more, Other, not further worked than hot-rolled, in coils."  However,
the remaining four digits of the tariff number were invalid because they do not exist in the
HTSUS (2018).  The error was not discovered during the exclusion approval process.

---

[7] This and other documents with hyperlinks are publicly available.  We are attaching copies of
these and other documents related to Bilstein's exclusion requests to this memorandum for the
convenience of the Court.
[8] This document is also attached as Exhibit 1 to Complaint 20-3840.

Upon receipt of the approved exclusion from Commerce, plaintiffs did not provide CBP with the "company's name, address and importer of record number, and the associated product exclusion number" prior to the entry of the shipments.[9]  CSMS No. 18-000378.

Voestalpine, as the importer of record, made two entries of steel (Entry Nos. HK8-5207919-1 and HK8-5207851-6) on November 17, 2018, through the Port of Detroit.  Entry Documentation, Exh. C[10]; Compl. (20-3829)[11] at ¶1; Compl. (20-3840) at ¶1.  Voestalpine entered the merchandise under HTSUS subheadings 7208.39.00/9903.80.01 and 7225.30.70/9903.80.01.  Entry Documentation, Exh. C.  Subheading 7208.39.00 provides for: "Flat-rolled products of iron or nonalloy steel, of a width of 600 mm or more, hot-rolled, not clad, plated or coated: Other, in coils, not further worked than hot-rolled: Of a thickness of less than 3 mm," duty-free.  Subheading 7225.30.70 provides for "Flat-rolled products of other alloy steel, of a width of 600 mm or more: Other, not further worked than hot-rolled, in coils: Of a thickness of less than 4.75 mm: Other," duty-free.  Merchandise classified under these subheadings is subject to 25% *ad valorem* duties under subheading 9903.80.01, the temporary tariff provision imposed by the President pursuant to Section 232, which provides for: "Products of iron or steel provided for in the tariff headings or subheadings enumerated in note 16 to this subchapter, except products of Canada, of Mexico, of Australia, of Argentina, of South Korea, of Brazil, or of the member countries of the European Union or any exclusions that may be determined and announced by the Department of Commerce."  In relevant part, Note 16(b) provides that: "[t]he rates of duty set forth in headings 9903.80.01 … apply to all imported

---

[9] Based upon CBP's records, there is no indication that plaintiffs provided this information.
[10] This document contains redactions protecting plaintiffs' business proprietary information and CBP computer system security.
[11] Citations to Compl. (20-3829) and (20-3840) refer to the complaints filed in 20-03829 and 20-03840, respectively. Citations to Compl. refer to both complaints.

products of iron or steel classifiable in the provisions enumerated in this subdivision: (i) flat-rolled products provided for in headings 7208...[and] 7225."

Voestalpine does not maintain that it informed CBP that it possessed a granted exclusion before making the two entries at issue.  CSMS No. 18-000378.  Neither did Voestalpine indicate on the entry submissions for either entry that it possessed an approved exclusion.  Entry Documentation, Exh. C.  By including the Chapter 99 subheading and not listing the exclusion number in the entries, Voestalpine represented to CBP that the imported merchandise covered by the entries was subject to Section 232 duties.  Consistent with that representation, Voestalpine deposited the Section 232 duties.

CBP liquidated the entries as entered, with Section 232 duties assessed, on October 18, 2019.  *Id*.  Plaintiffs did not protest the liquidations and the liquidations became final and conclusive upon all parties, including the United States, 180 days after the date of liquidation on April 15, 2020.  19 U.S.C. § 1514(a).

Six months after liquidation became final, Bilstein filed with Commerce a "new" exclusion request (no. 155507) which was functionally equivalent to its original request (BIS-2018-0006-25363) and contained essentially the same information, but with the inclusion of the valid statistical HTSUS code.  Exclusion Req. 155507, *available at* https://232app.azurewebsites.net/Forms/ExclusionRequestItem/155507 (last visited Feb. 25, 2021), Exh. D.  Commerce granted the request on December 11, 2020.  BIS Decision Memo on Exclusion Req. 155507 (Dec. 11, 2020), Exh. E.  Bilstein then requested to make this exclusion retroactive to July 10, 2018, the date of submission of the original exclusion request (BIS-2018-0006-25363), which Commerce granted on January 15, 2021.  BIS Decision Memo on Exclusion Req. 155507 (Jan. 15, 2021), *available at*

https://232app.azurewebsites.net/Forms/ExclusionRequestItem/155507 (last visited Feb. 25, 2021), Exh. F.

Plaintiffs now seek a refund of the Section 232 duties paid on their two entries.

## ARGUMENT

### I.   Legal Standards

#### A.   Standard Of Review For A Motion To Dismiss Pursuant To USCIT R. 12(b)(1)

Subject-matter jurisdiction "involves a court's power to hear a case, [and] it can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630 (2002).  "The objection that a federal court lacks subject-matter jurisdiction…may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 506 (2006).

Plaintiffs bear the burden to demonstrate that subject-matter jurisdiction exists. *Design Int'l Grp., Inc. v. United States*, 113 F. Supp. 3d 1342, 1344 (Ct. Int'l Trade 2015) (citations omitted).  Whether jurisdiction exists is a question of law for the Court.  *Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*, 938 F.3d 1355, 1360 (Fed. Cir. 2019) (citation omitted).  "In establishing the predicate jurisdictional facts, a court… may review evidence extrinsic to the pleadings, including affidavits and deposition testimony." *Asia Vital Components Co. v. Asetek Danmark A/S*, 837 F.3d 1249, 1254 n.2 (Fed. Cir. 2016) (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993)); *see also Autoalliance Int'l, Inc. v. United States*, 398 F. Supp. 2d 1326, 1332 (Ct. Int'l Trade 2005) (same).

#### B.   Standard Of Review For A Motion To Dismiss Pursuant To USCIT R. 12(b)(6)

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy.  *See United Pac. Ins. Co. v. United States*, 464 F.3d

1325, 1327 (Fed. Cir. 2006).  The motion "tests the legal sufficiency of a complaint," *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to present a legally cognizable right of action, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant," *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013), but need not accept legal conclusions contained in the same allegations, *Twombly*, 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 555 U.S. at 557) (alteration in original); *see also Rack Room Shoes v. United States*, 718 F.3d 1370, 1376 (Fed. Cir. 2013) (same).

Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  Although courts will primarily consider the allegations in a complaint when considering a motion to dismiss for failure to state a claim, courts may also consider "facts…in documents appended to the complaint or incorporated in the complaint by reference, and to matters for which judicial notice may be taken."  *Wuxi Seamless Oil Pipe Co., Ltd. v. United States*, 780 F. Supp. 2d 1337, 1339 (Ct. Int'l Trade 2011) (quotations and citations omitted).

## II.   The Court May Not Exercise Residual Jurisdiction Over The Complaints Because 28 U.S.C. § 1581(a) Jurisdiction Was Available And Was Not Manifestly Inadequate

The Court should dismiss the complaints because subject matter jurisdiction does not exist. Plaintiffs allege jurisdiction under this Court's residual jurisdiction provision, 28 U.S.C. § 1581(i)(1), (2) and (4).[12]  Compl. at ¶4.  It is well-established, however, that section 1581(i) jurisdiction "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate."  *Sunpreme, Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018); *see also Chemsol, LLC v. United States*, 755 F.3d 1345, 1354 (Fed. Cir. 2014) ("[W]hen relief is prospectively and realistically available under another subsection of 1581, invocation of subsection (i) is incorrect.").  Section 1581(i) cannot be used to create a cause of action where one does not otherwise exist.  *See ITT Semiconductors v. United States*, 6 C.I.T. 231, 237, 576 F. Supp. 641 (1983).  As detailed below, jurisdiction was available under 28 U.S.C. § 1581(a). Because a remedy under section 1581(a) is not manifestly inadequate, the Court should dismiss this case for lack of subject matter jurisdiction.

### A.  The True Nature Of This Action Is A Challenge To CBP's Assessment Of Duties At Liquidation Of Specific Entries

The Court must "look to the true nature of the action ... in determining jurisdiction of the" case.  *Sunpreme*, 892 F.3d at 1193 (quoting *Norsk Hydro Can., Inc. v. United States*, 472 F.3d

---

[12]  These provisions provide that the Court possesses jurisdiction to hear "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for - (1) revenue from imports or tonnage; (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue …or (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section."  28 U.S.C. § 1581(i)(1), (2), (4).

1347, 1355 (Fed. Cir. 2006)).  The complaints' prayers for relief confirm that the true nature of

the action is a challenge to the assessment of duties at liquidation of specific entries:

> (a) enter judgment holding that the Exclusion granted to Bilstein applies to the
>     Entry;
>
> (b) enter judgment that Defendant must refund all duties on the Entry collected
>     pursuant to section 232 of the Trade Expansion Act of 1962, as amended,
>     on merchandise subject to Exclusion No. BIS-2018-0006-25363;
>
> (c) order refund of the monies due through reliquidation of the above-
>     referenced Entry, including interest as provided by law....

Compl. (20-3840) Wherefore (a)-(c).  *See also* Compl. (20-3829) Wherefore (a)-(c).

Thus, the heart of plaintiffs' disagreement is with CBP's liquidation of the entries with

Section 232 duties assessed.  CBP's authority plainly encompasses a decision to assess Section

232 duties on the imported merchandise at liquidation or to apply a granted exclusion to such

merchandise.  Plaintiffs attempt to distract from the true nature of their dispute by also alleging

that Commerce's grant of the exclusion based on information provided by plaintiffs perpetuated

an error that precluded them from using the exclusion.  It is clear, however, that ultimately

plaintiffs' challenge is to the liquidation of the entries with Section 232 duties assessed.  The

appropriate remedy, therefore, is a timely protest of the liquidation.

That CBP and Commerce have distinct responsibilities in the exclusion process is iterated

in the proclamations, the regulations, and CBP's messages.  Commerce is charged with

reviewing and deciding whether to approve Section 232 exclusion requests and CBP is tasked

with deciding whether Commerce's exclusion determinations apply to specific entries of

merchandise when the importer seeks to use an exclusion.  Proclamations 9705, 9777; 15 C.F.R.

Pt. 705, Supp. 1.

An importer desiring to obtain the benefit of an approved Section 232 exclusion must inform CBP of the exclusion. Pursuant to the regulations, an exclusion does not automatically apply to an entry; rather importers must actively notify CBP and request to apply an exclusion to specific entries of an importer's particular product. "Individuals or organizations whose exclusion requests are approved must report information concerning any applicable exclusion in such form as CBP may require." 15 C.F.R. Pt. 705, Supp. 1(f)(3). This information is necessary for "CBP to **determine whether an import is within the scope of an approved exclusion request**." *Id*. (emphasis added).

Through CSMS messages, CBP specifically informed the importing community as to what steps must be taken prior to entry and what must appear on the entry papers to claim an exclusion from Section 232 duties. CSMS Nos. 18-000352 (May 21, 2018); 18-000378 (June 12, 2018); 39633923 (September 3, 2019). Only when CBP is presented with information about an approved exclusion, can CBP determine the applicability of that exclusion and whether Section 232 duties are owed, collect those duties, and, when appropriate, refund the duties. Tellingly, the complaints are silent as to any steps that plaintiffs took to: (a) inform CBP of the receipt of an exclusion; or (b) apply the exclusion to the entries of the subject merchandise, whether at entry, via post summary correction, or by filing a protest. Absent those steps, CBP had neither the knowledge of the exclusion's potential application, nor the basis, nor the opportunity to make a decision about the exclusion's application to certain entries, which is "precisely the kind of administrative remedy that must be exhausted before a party may litigate the validity of the administrative action." *Sandvik Steel Co. v. United States*, 164 F.3d 596, 600 (Fed. Cir. 1998) ("Applying the exhaustion doctrine in the present situation 'serves the twin

purposes [of the doctrine] of protecting administrative agency authority and promoting judicial efficiency.'" (quoting *McCarthy v. Madigan,* 503 U.S. 140, 145 (1992) (alteration in original)).

Plaintiffs' prayers for relief explicitly seek a refund of Section 232 duties on the entries that were liquidated without the benefit of the exclusion granted by Commerce. CBP (not Commerce) is the agency tasked with applying Commerce's exclusion determinations to specific entries, upon sufficient notice by the importer, or, as in this case, with assessing duties against the importer when CBP has not been notified of an exclusion. The relevant regulation covering exclusion requests confirms that CBP, not Commerce, is responsible for refunding duties: "The U.S. Department of Commerce does not provide refunds on tariffs. Any questions on the refund of duties should be directed to CBP." 15 C.F.R. Pt. 705 Supp. 1(h)(2)(iii)(B) (effective Sept. 11, 2018).

In this action plaintiffs seek to apply the exclusion to their entries and receive a refund of Section 232 duties, which is a challenge to a CBP decision to assess those duties. Because that is a protestable decision, jurisdiction under 28 U.S.C. § 1581(a) governs and plaintiffs cannot invoke residual jurisdiction under section 1581(i).

## B. There Is No Jurisdiction Under Section 1581(i) Because Jurisdiction Under Section 1581(a) Is Manifestly Adequate

The Federal Circuit's "unambiguous precedents…make clear that [section 1581(i)'s] scope is strictly limited," and that its statutory procedures "cannot be easily circumvented." *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (internal quotations and citations omitted). Thus, "where a litigant has access to [the trial court] under traditional means, such as 28 U.S.C. § 1581(a), it must avail itself of this avenue of approach complying with all the relevant prerequisites thereto." *Am. Air Parcel Forwarding Co. v. United States*, 718 F.2d 1546, 1549 (Fed. Cir. 1983) (citation omitted); *see also United States v. Uniroyal, Inc.*, 687

F.2d 467, 472 (CCPA 1982).  That is because "an overly broad interpretation of § 1581(i) would otherwise threaten to swallow the specific grants of jurisdiction contained within the other subsections." *Erwin Hymer Grp. N. Am., Inc. v. United States*, 930 F.3d 1370, 1374 (Fed. Cir. 2019) (internal quotations and citation omitted).

To establish that jurisdiction under another subsection of 1581 would be "manifestly inadequate," a party must demonstrate that the remedy provided by another subsection is "an 'exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain.'" *Sunpreme*, 892 F.3d at 1193-94 (quoting *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1294 (Fed. Cir. 2008)); *see also Nat'l Nail Corp. v. United States*, 335 F. Supp. 3d 1321, 1327 (Ct. Int'l Trade 2018).  Plaintiffs do not allege that the remedy under section 1581(a) – which "could have been available," *Sunpreme*, 892 F.3d at 1192 – is inadequate, let alone manifestly inadequate.  Nor could they make such a showing.

The failure to timely protest liquidation of the relevant entries is not an "extraordinary circumstance[]," nor does it render the remedy available under CBP's administrative protest scheme "manifestly inadequate." *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed. Cir. 1995) ("a remedy is not inadequate simply because appellant failed to invoke it within the time frame it prescribes") (internal quotations and citation omitted); *see also Carbon Activated Corp. v. United States*, 6 F. Supp. 3d 1378, 1380 (Ct. Int'l Trade 2014), *aff'd*, 791 F.3d 1312 (Fed. Cir. 2015) ("Plaintiff had an adequate remedy for its alleged erroneous liquidation, but it lost that remedy because its protest was untimely, not because the remedy was inadequate.").

 To contest CBP's decision to liquidate the entries with Section 232 duties, plaintiffs were required by section 1514 to protest the liquidations.  Plaintiffs failed to do so, despite

CBP's repeated advice that importers should file protests if their entries liquidated with Section 232 duties and they wished to benefit from exclusion decisions.  *See* CSMS Nos. 18-000352 (May 21, 2018); 18-000378 (June 12, 2018); 39633923 (September 3, 2019); and 42566154 (May 1, 2020).  Further, Proclamation 9777 also notified importers that exclusions would only apply to entries "with respect to which **liquidation is not final**," meaning that importers need to take measures to prevent their entries from liquidating or from liquidation becoming final, should they desire exclusions to be applied after entry.  Proclamation 9777, clause 5 (amending clause 3 of Proclamation 9705) (emphasis added); *see also* CSMS No. 42566154 ("Section 232 ... product exclusions granted by [Commerce] ... may be retroactive for unliquidated entries and for entries that are liquidated but where the liquidation is not final and the protest period has not expired.").  Voestalpine was apparently aware of this requirement, as shown by its filing of numerous other protests with CBP challenging the liquidation of its entries without the benefit of a Section 232 exclusion and then by filing an action in this Court contesting CBP's denials of the protests, asserting jurisdiction under 28 U.S.C. § 1581(a).  *See Voestalpine Precision Strip GmbH v. United States*, CIT Court No. 20-03904.

Here, pursuant to 19 U.S.C. § 1514(a)(5), plaintiffs could have protested CBP's liquidation of the entries.  A protest contesting the liquidation of an entry must be filed within 180 days after the date of liquidation.  19 U.S.C. § 1514(c)(3)(A).  "If a timely protest is not filed, the duty that Customs has assessed is 'final and conclusive,'… and not subject to judicial challenge."  *Sandvik Steel Co.*, 164 F.3d at 597 (citations omitted).  CBP liquidated plaintiffs' two entries with Section 232 duties on October 18, 2019.  Entry Documentation, Exh. C.  It is undisputed that plaintiffs did not file a protest of the liquidation of the two entries assessed with Section 232 duties within 180 days of liquidation.  Entry Documentation, Exh. C; Compl. at ¶14

("The protest period for the Entry is not open.").  Because no protest was filed by plaintiffs,

CBP's decision to assess Section 232 duties on the entries became final and conclusive 180 days

following the liquidation or on April 15, 2020.

   Had plaintiffs protested the liquidation of their two entries, the protest would have

prevented liquidation from becoming final.  Had CBP denied the protest, plaintiffs could have

then brought a challenge to this Court under 28 U.S.C. § 1581(a).  But plaintiffs may not do what

they implicitly seek to do here, which is to "circumvent the timely protest requirement by

claiming that [their] own lack of diligence requires equitable relief under 28 U.S.C. § 1581(i)."

*Juice Farms, Inc.*, 68 F.3d at 1346.

   An available section 1581 remedy is "manifestly inadequate" only if it is "incapable of

producing any result" or "failing utterly of the desired end."  *Sunpreme*, 892 F.3d at 1193-94.

This is a high bar.  *Id.* at 1191.  A filed protest by plaintiffs would have prevented liquidation

from becoming final while plaintiffs sought to correct the exclusion request with Commerce.

Such a remedy would not have been manifestly inadequate.  Thus, because jurisdiction under

section 1581(a) was available and was not manifestly inadequate, jurisdiction under section

1581(i) cannot be invoked and the complaints should be dismissed for lack of subject matter

jurisdiction.

**III.   Even Assuming That The True Nature Of Plaintiffs' Challenge Is To Commerce's
      Exclusion Decision, That Claim Is Now Moot**

   As we explained above, this action is foreclosed from section 1581(i) jurisdiction because

section 1581(a) provides a manifestly adequate remedy.  Should the Court find that plaintiffs

actually challenge Commerce's "final agency action," 5 U.S.C. § 704, related to the invalid tariff

subheading number contained in the original approved exclusion, that challenge is now moot.

Plaintiffs have resubmitted the exclusion request with a corrected tariff subheading number, and

Commerce has granted the request.  This renders any challenge to Commerce's prior decision regarding the exclusion moot, and this action should be dismissed.

A suit becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotations and citations omitted); *see also Etheredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").  "In order to satisfy the case or controversy requirement, 'a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision.'" *Verson v. United* States, 5 F. Supp. 2d 963, 966 (Ct. Int'l Trade 1998) (quoting *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983)).  Thus, mootness occurs "when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." *Knox v. Serv. Employees*, 567 U.S. 298, 307 (2012) (internal quotations omitted).  A claim that has become moot must be dismissed for lack of subject-matter jurisdiction. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78-79 (2013); *Chafin*, 568 U.S. at 172.

Plaintiffs' dispute regarding the invalid tariff number associated with the exclusion is no longer a "live" controversy.  Plaintiffs complain that "[t]he exclusion approved by BIS included a Harmonized Tariff classification number that does not exist."  Compl. (20-3829) at ¶11; *see also* Compl. (20-3840) at ¶11.  Plaintiffs also allege that Bilstein was notified "of the availability of a 'resubmission' procedure to permit retroactive application of an exclusion," Compl. at ¶13, but that "on November 2, 2020, the Bureau of Industry and Security informed Bilstein that it would not approve a 'resubmission' of the exclusion request unless the protest period under 19 U.S.C. § 1514 was available."  *Id*. at 14.

23

Notwithstanding these allegations, Bilstein refiled its exclusion request, and corrected the tariff classification number. Exclusion Req. 155507, Exh. D. Commerce approved that request on December 11, 2020, and Bilstein then asked Commerce to make that approved exclusion retroactive to the date of the original exclusion request. BIS Decision Memo on Exclusion Req. 155507 (Dec. 11, 2020), Exh. E. Commerce granted that request on January 15, 2021. BIS Decision Memo on Exclusion Req. 155507 (Jan.15 2021), Exh. F.

Thus, Commerce has now granted an exclusion retroactive to the date of the original exclusion request. The corrected exclusion may be applied to any of plaintiffs' entries of merchandise subject to the exclusion for which liquidation is not final. Because the purported defect in the original exclusion has been resolved, the controversy is now moot. *See Fund for Animals v. Hogan*, 428 F.3d 1059, 1064 (D.C. Cir. 2005).

Moreover, because Commerce does not administer approved exclusions, collect duties, or make refunds, a corrected and retroactive exclusion is the only relief that this Court could order in a challenge to Commerce's final agency action. *See* 15 C.F.R. Pt. 705, Supp. 1 (effective Sept. 11, 2018) ("Commerce does not provide refunds on tariffs. Any questions on the refund of duties should be directed to CBP.").

In sum, with respect to the error alleged to be embodied in the original exclusion, plaintiffs have now taken steps to correct that error by submitting an exclusion request with a corrected tariff number. Commerce has granted the corrected exclusion with retroactive applicability, meaning any claims against Commerce involving the invalid tariff subheading are now moot. That the plaintiffs may not be able to obtain the benefit of that exclusion with respect to the two entries in this case due to their own failure to preserve their remedies, does not affect the conclusion that any challenge to Commerce's original grant of an exclusion is now moot.

**IV.** **Plaintiffs' Conclusory Allegations Fail To Plead A Plausible Claim Against The United States**

The complaints also fail to state a claim upon which relief can be granted because they contain only conclusory statements that fail to plead a plausible claim against either CBP or Commerce that would lead to the remedy of a refund of Section 232 duties. *Power Analytics Corp. v. Operation Tech., Inc.,* 820 F. App'x 1005, 1019 (Fed. Cir. 2020) (affirming dismissal of complaint where complaint's allegations consisted of conclusions, not facts). Plaintiffs allege that they are contesting defendant's "failure to refund duties under Section 232…that are excluded by reason of an approved exclusion." Compl. (20-3829) at ¶4; *see also* Compl. (20-3840) at ¶4. The "exclusion approved by BIS included a Harmonized Tariff classification number that does not exist." Compl. (20-3829) at ¶11; *see also* Compl. (20-3840) at ¶11. Duties were paid on the entries at or around the time of entry. Compl. (20-3829) at ¶8; Compl. (20-3840) at ¶7. Defendant failed to refund duties paid on the entries. Compl. at ¶12.

These bare allegations do not identify any final agency action by CBP or Commerce that led to the wrongful assessment of Section 232 duties. Plaintiffs offer no facts or theory whatsoever tying the issuance of the exclusion containing the erroneous tariff provision to their alleged harm. "Where the complaint merely pleads facts giving rise to an inference of a defendant's possible wrongdoing, the claims against that defendant must be dismissed." *In re Terrorists Attacks on Sept. 11, 2001*, 740 F. Supp. 2d 494, 512 (S.D.N.Y. 2010), *aff'd sub nom. In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 118 (2d Cir. 2013) (citing *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)).

The "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Plaintiffs attempt

25

to connect agency wrongdoing to the assessed duties by noting that the exclusion contained an invalid tariff number and that Commerce informed Bilstein that it would not approve a 'resubmission' of the exclusion request unless the protest period under 19 U.S.C. § 1514 was available.  Compl. at ¶14.  These allegations, however, do not provide any specificity as to any government conduct that would supersede or proximately cause plaintiffs' claimed harm, given that plaintiffs, not the defendant, possessed (and failed to timely invoke) an adequate remedy to address plaintiffs' claims.  No allegations in the complaints can lead to the relief sought (the refund of Section 232 duties), particularly when the complaints are silent as to plaintiffs' own actions and inactions that led to liquidation of the entries without the benefit of the exclusion.

Plaintiffs also do not allege that they took any action to preserve their ability to use the granted exclusion.  As noted above, once the importer has obtained an exclusion from Commerce, the importer must take specific action before any particular entry can receive the benefit of that exclusion.  Prior to using the exclusion number on any entries filed with CBP, importers must provide CBP the company's name, address, and importer of record number, and the associated product exclusion number.  *See* CSMS No. 18-000378.  At the time of entry, importers are required to list product exclusion numbers and **not** to list the corresponding Chapter 99 HTS number for the Section 232 duties on the entry summaries.  *Id.*; CSMS No. 18-000352.  If an exclusion number is not provided at the time of entry, it may be provided to CBP via a post summary correction, and if the entry has already liquidated, the guidance instructs importers to protest the liquidation.  *Id.*; CSMS No. 42566154.  The complaints contain no allegations that any of these steps were taken.  To the contrary, plaintiffs **actually entered** the merchandise as subject to Section 232 duties.

The complaints contain no allegations concerning any attempts taken by plaintiffs to apply the exclusion to their entries, or the events that led to the discovery that the exclusion contained the invalid tariff number. Had plaintiffs attempted to use the exclusion according to CBP's stated procedures, ACE would have rejected the entries due to the discrepancy between the product and the tariff subheading number. This, in turn, would have alerted the importer to a problem and plaintiffs could have sought an extension of liquidation of the entries or, if the entries had already liquidated, could have filed a protest while seeking corrective action with Commerce concerning the exclusion. 19 U.S.C. § 1504(b); 19 U.S.C. § 1514(a). Thus, while plaintiffs blame Commerce for their payment of Section 232 duties, it is their own failure to timely take the necessary steps to use the granted product exclusion that resulted in the liquidation of the entries with the assessment of Section 232 duties.

Moreover, the retroactive application of plaintiffs' now-corrected exclusion applies to any unliquidated entry or any entry for which liquidation is not final and protestable. CSMS No. 42566154 ("Section 232 ... product exclusions granted by [Commerce] ... may be retroactive for unliquidated entries and for entries that are liquidated but where the liquidation is not final and the protest period has not expired."); *see also* CSMS No. 18-000352 ("Exclusions granted by DOC are retroactive on imports to the date [of] the request for exclusion …"); CSMS No. 18-000378 (same); CSMS No. 39633923 ("Duty exclusions granted by the DOC are retroactive on imports to the date the request for exclusion was accepted (date received) by the DOC"). This further demonstrates that plaintiffs have both the ability and the obligation to use the exclusion to exempt their entries from Section 232 duties. Had plaintiffs taken action to preserve their rights to keep the liquidation of their entries from becoming final, this retroactive grant would have applied to these two entries at issue in this case. Plaintiffs' inaction, which is absent from the

allegations of the complaints, demonstrates the failure to state a claim for legally redressable harm caused by the actions of either CBP or Commerce.

Significantly, Commerce's original grant of the exclusion associated with the invalid tariff number would have made no difference to the outcome, due to plaintiffs' failure to notify CBP of their intent to use the exclusion covering the subject merchandise.  This failure, therefore, is the proximate cause of the liquidation of the entries with Section 232 duties assessed.  Assuming *arguendo*, that plaintiffs had provided the correct tariff number in their exclusion request and that Commerce had granted the exclusion with a correct tariff number, plaintiffs' failure to notify CBP of the exclusion would still have resulted in the liquidation of the entries with Section 232 duties.

In sum, plaintiffs erroneously rely on a series of conclusory statements to suggest that wrongdoing by the defendant resulted in plaintiffs' payment of Section 232 duties and an inability to obtain a refund.  Such threadbare allegations fail to plead a cognizable claim and the complaints comprising this consolidated action should be dismissed.

## **CONCLUSION**

For these reasons, we respectfully request that the Court dismiss the complaints in this consolidated action.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/ Aimee Lee
AIMEE LEE
Assistant Director
Department of Justice
Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, NY 10278
Tel: (212) 264-9253

*Attorneys for Defendants*

Of Counsel:

Anthony Saler
Assistant Division Chief
Office of the Chief Counsel
Bureau of Industry and Securirty
U.S. Department of Commerce

Yelena Slepak
Senior Attorney
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

February 25, 2021

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 8,292 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Aimee Lee