# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE MARK A. BARNETT, JUDGE

| | |
|---|---|
| VOESTALPINE USA CORP,<br>BILSTEIN COLD ROLLED STEEL LP,<br><br>  *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES**,**<br><br>  *Defendant*. | )<br>)<br>)<br>)<br>)  Cons. Court No. 20-03829<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION TO DISMISS

**Lewis E. Leibowitz**
*The Law Office of Lewis E. Leibowitz*
1400 16TH STREET, N.W.
SUITE 350
WASHINGTON, D.C. 20036
Telephone: (202) 776-1142
May 17, 2021   Email: lewis.leibowitz@lellawoffice.com
*Counsel for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

**Page**

**INTRODUCTION** ……………………………………………….. **1**

**1.**   **The statute of limitations is not relevant to this Court's subject matter jurisdiction.** …………………………………...………………………... **1**

**2.**   **The statute of limitations may not be raised for the first time under USCIT Rule 12(b)(6) in a reply brief.** ……………………….…..…. **2**

**3.**   **The causes of action did not accrue more than two years before the complaints were filed**…………………………..………………….……… **3**

**4.**   **Plaintiffs alleged that they attempted to rectify the error in the exclusion**……………..……….……………………….……………... **6**

**CONCLUSION** ……………………………………………………...… **7**

<u>**TABLE OF AUTHORITIES**</u>

**Cases**                                                                                    **Page(s)**

*Atteberry v. United States*, 27 CIT 1070 (Ct. Int'l Trade 2003) ………………….7

*Ford Motor Co. v. United States*, 811 F.3d 1371 (Fed. Cir. 2016)..……………… 2

*OPM v. Richmond*, 464 U.S. 414 (1990)  ……...………………….…..…….…..… 6

*R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission &
Processing Sys. Patent Litig.),* 681 F.3d 1323, 1336
(Fed. Cir. 2012) ...........................................................................................1

*SmithKline Beecham Corp. v. Apotex Corp.,*
439 F.3d 1312 (Fed. Cir. 2006) ........................................................... 1

*St. Paul Fire & Marine Ins. Co. v. United States,*
959 F.2d 960 (Fed. Cir. 1992) ……...……...………..……...…………..… 3

*United States v. Ford Motor Co.,* 463 F.3d 1267 (Fed. Cir. 2006) ……...…..... 1

**Rules**                                                                                    **Page(s)**

USCIT Rule 12(b)(1) ……………………………………….…..…. 2, 3, 7

USCIT Rule 12(b)(6) ……………………………………….……. 2, 3

**Statutes**                                                                                 **Page(s)**

19 U.S.C. § 1514 …………………………………………...…….... 5

28 U.S.C. § 2636(i) ……………………………….……..……..... *passim*

## INTRODUCTION

Plaintiffs respond herein to issues raised for the first time in Defendants' reply brief submitted on April 19, 2021, as permitted by this Court's order dated April 26, 2021.  Defendants did not raise the issue of the applicable statute of limitations in their motion to dismiss the consolidated complaints pursuant to USCIT Rule 12(b)(1) and 12(b)(6).[1]

Raising new issues in a reply brief is strongly disfavored by the courts.  *United States v. Ford Motor Co.,* 463 F.3d 1267, 1276 (Fed. Cir. 2006).  In general, issues not raised in the initial brief are considered waived.  *See SmithKline Beecham Corp. v. Apotex Corp.,* 439 F.3d 1312, 1319 (Fed. Cir. 2006).

Plaintiffs had no opportunity to address those issues in the context of the motion to dismiss.  While we appreciate the Court's granting the opportunity to address them, Plaintiffs cannot fully brief the statute of limitations issues for purposes

---

[1] Nor did Defendants address in their motion to dismiss issues other than the erroneous tariff classification in BIS's purported "approval" of Exclusion No. 25363. Defendants raised for the first time in their reply brief a purported alternate justification for rejecting the application of this exclusion to the entries at issue in this case. (Defendants' reply brief at 19, alleging without support that a different importer of record would have compelled rejection of the exclusion request.) Even if their argument were accurate and fatal to the claim (it is neither accurate nor fatal), a reply brief is not the proper place to raise it for the first time.  The complaints fairly allege a violation of law prejudicing Plaintiffs.  *See R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.),* 681 F.3d 1323, 1336 (Fed. Cir. 2012).

of this motion to dismiss.  Any questions related to the applicable statute of

limitations should await Defendants' answer, as explained below.

**1. The statute of limitations is not relevant to this Court's subject matter jurisdiction.**

Defendants moved for dismissal under USCIT Rule 12(b)(1) (lack of subject

matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief may be

granted).  The applicable statute of limitations in this case is 28 U.S.C. § 2636(i).  We

have already answered Defendants' arguments concerning whether this case could

have been pursued via a Customs protest.  Plaintiffs have no further comment on that

issue in this Surreply.  Plaintiffs urge this Court to deny Defendants' motion to

dismiss the consolidated complaints.

Plaintiffs raised the statute of limitations under 28 U.S.C. § 2636(i), arguing,

without factual or legal support, that Plaintiffs' cause of action accrued with the

approval of Exclusion No. 25363 on September 26, 2018.  As discussed herein,

Plaintiffs strongly disagree with that characterization.  However, Defendants' Rule

12(b)(1) motion cannot rest on the statute of limitations, because the statute of

limitations in § 2636(i) is not jurisdictional.  *Ford Motor Co. v. United States*, 811

F.3d 1371, 1377-78 (Fed. Cir. 2016).  For this reason, even if Defendants were correct

in arguing that the two-year statute ran before these suits were filed, this Court would

not lose subject matter jurisdiction over this action.  Dismissal of this action based on

the statute of limitations under USCIT Rule 12(b)(1) would therefore be

inappropriate.

**2. The statute of limitations may not be raised for the first time under USCIT Rule 12(b)(6) in a reply brief.**

Moreover, the motion to dismiss failed to raise the statute of limitations as a

ground for dismissal under USCIT Rule 12(b)(6).  Raising this issue in the reply brief

for the first time is not permitted.  Moreover, because it is not a jurisdictional statute,

Defendants' argument cannot support the conclusion that Plaintiffs failed to "state a

claim upon which relief may be granted."  USCIT Rule 12(b)(6).

This standard is applicable to motions to dismiss in this Court and is not

restricted to appellate briefs.  It is clearly inappropriate in this case because

Defendants may have other opportunities to raise (or waive) the statute of limitations

as a defense, including in their answer to the consolidated complaints.

**3. The causes of action did not accrue more than two years before the complaints were filed.**

Should this Court choose to examine the merits of Defendants' arguments,

Plaintiffs point out that the consolidated complaints, taken as true for purposes of a

motion to dismiss, allege that the cause of action first accrued, at the earliest, on the

date of entry of the steel products involved, but more likely accrued later.

Defendants fundamentally misconstrue Section 2636(i).  The statute of

limitations begins to run at the time the cause of action "accrued."  *See St. Paul Fire*

*& Marine Ins. Co. v. United States*, 959 F.2d 960,964 (Fed. Cir. 1992).  While the

outright denial of an exclusion request *may* constitute the accrual of a cause of action (although this is not clear), this case presents a different set of facts.  A fatally flawed and unlawful *approval* is not the same cause of action as a denial.  Moreover, the injury suffered by Plaintiffs occurred when they had to transfer money to the government, not when BIS issued its exclusion decision.  Defendants' assertion that the cause of action accrues on the date of the BIS decision in this case would lack merit even if it was made in their initial motion to dismiss.

Plaintiffs contend that a cause of action accrues no sooner than when Customs liquidates an entry and may accrue after that, depending on the circumstances.  In this case, Plaintiffs allege that the existence of a "resubmission" process did not appear anywhere until June 2019, when BIS issued its "Frequently Asked Questions."  Even then, there was no agency decision reflected in a policy statement or regulation.  By September 2019, when Plaintiffs first faced the issue of a refund, the impossibility of resolving it through the protest process without a BIS determination was an insurmountable barrier to recovery of the duties.

Defendants' motion to dismiss is not the proper occasion to resolve the issue of when the cause of action accrued in this case, because the complaint alleges that the cause of action arose after Plaintiffs were informed of the implications of the flawed approval.  Both Complaints make this allegation.

Defendants cite no legal authority that the cause of action in this case accrued prior to the Customs entries.  First, as Plaintiffs have already argued, jurisdiction lies

in this case under Section 1581(i).  Second, the cause of action could not have accrued until Plaintiffs suffered injury in fact.  At the earliest, this occurred with the liquidation of the entries.  The determination by BIS that it would not consider a resubmission request for entries where liquidation had become final (November 2, 2020 in this case); or the approval of resubmission (January 15, 2021) for the exclusion, which was the first time Plaintiffs could have requested a refund of Section 232 duties.

In these cases, the exclusion with a non-existent tariff number made it impossible until BIS corrected the error in January 2021.  This impossible dilemma faced by Plaintiffs makes it clear that the cause of action could not accrue more than two years before the suits were filed.  Defendants acknowledge this dilemma in their reply brief (at page 22).

Plaintiffs only became aware of Defendants' position regarding the unavailability of the "resubmission" procedure on November 2, 2020, when BIS informed Plaintiffs of its view that final liquidation under 19 U.S.C. § 1514 extinguished Plaintiffs' entitlement to the refund procedure.  The complaints note this date as the event that made this action necessary, because all administrative options were precluded.  The Court should not assume that Plaintiffs sat on their rights for two years under these unusual circumstances.  A fair reading of these complaints cannot lead to the conclusion that the cause of action accrued more than two years before the complaints were filed.

Thus, there can be no doubt that the *approval* of a steel exclusion request with a fatal defect was not the date the cause of action accrued. The statute of limitations under Section 2636(i) cannot be a basis for dismissal.[2]

### 4. Plaintiffs alleged that they attempted to rectify the error in the exclusion.

The complaints adequately allege that Plaintiffs attempted to rectify the error in the exclusion when they learned of it in 2019. However, a Customs protest was not appropriate as the method of achieving this result because Customs could not rectify the problem, either by denying or granting a protest. Only BIS could rectify it, which is precisely why subject matter jurisdiction lies in this under Section 1581(i).

Defendants' reply brief argues for the first time that "there is no certainty" Plaintiffs would have filed for a new exclusion if the request had been denied outright as the applicable regulations required. Defendants cite no authority that "certainty" of action in response to a lawful rather than an unlawful agency decision is required to withstand a motion to dismiss.

Regardless, there is no indication from the complaints that, had the exclusion request been denied, Plaintiffs would have done nothing in response. That issue cannot be resolved in a motion to dismiss, because Plaintiffs alleged that they would have sought an exclusion if they had known that their exclusion request had been

---

[2] Defendants may raise the issue in their answer as an affirmative defense. Plaintiffs also reserve the right to raise an issue of equitable estoppel. While making a case of equitable estoppel against the government is a very high bar, see *OPM v. Richmond*, 464 U.S. 414 (1990), the circumstances of this case may present an appropriate situation to consider the issue.

denied, and that the November 2018 entry would have been covered by that request, had it been filed before the date of entry.  Clear prejudicial error by BIS cannot be excused by the passage of time.  *See Atteberry v. United States*, 27 CIT 1070, 1091 (Ct. Int'l Trade 2003)(*not published in F. Supp.*)(failure of agency to inform importer of rights is clear prejudicial error).

## <u>CONCLUSION</u>

Given that USCIT Rule 12(b)(1) is not germane to the statute of limitations issue, and that the complaint contains sufficient allegations showing that the "approval" of the exclusion request cannot be the date on which the cause of action accrued, the Court should rule on the motion to dismiss without regard to statute of limitations issues and should not credit Defendants' speculative assertions regarding Plaintiffs' actions if the unlawful BIS decision did not occur.

Respectfully submitted,

/s/ Lewis Leibowitz
Lewis E. Leibowitz
*The Law Office of Lewis E. Leibowitz*
1400 16th Street, N.W., Suite 350
Washington, D.C. 20036
Phone: (202) 776-1142
Email:
lewis.leibowitz@lellawofficecom
*Counsel for Plaintiffs*

May 17, 2021

## <u>CERTIFICATION OF COMPLIANCE</u>

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 1,729 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of Microsoft Word, the word processing system used to prepare the brief.

/s/ Lewis E. Leibowitz
Lewis E. Leibowitz