IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| VOESTALPINE USA CORP.<br>BILSTEIN COLD ROLLED STEEL LP,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES,<br><br>　　　　　　　　Defendant. | Consol. Court No. 20-03829 |

**REPLY BRIEF OF PLAINTIFFS IN SUPPORT OF MOTION FOR RECONSIDERATION, RELIEF FROM JUDGMENT AND TO AMEND THE COMPLAINT**

Lewis E. Leibowitz
The Law Office of Lewis E. Leibowitz
1400 16th Street, N.W., Suite 350
Washington, D.C. 20036
(202) 776-1142

*Counsel for Plaintiffs*

## **TABLE OF CONTENTS**

1. **The Court correctly ruled that subject matter jurisdiction lies under Section 1581(i).** ………………………………………………………… 1

2. **Standard of review.** ……………………………………………………… 1

3. **Legal error.** ………………………………………………………………….. 2

4. **Mistake of fact.** …………………………………………………………… 7

5. **The crux of this case is whether final liquidation precludes any possibility of relief for Plaintiffs.** ……………………………………………... 9

6. **Conclusion.** ………………………………………………………………… 12

7. **Certificate of Compliance.** ……………………………………………... 13

# **TABLE OF AUTHORITIES**

**Cases:**

*Acquisition 362, LLC v. United States*,
   No. 20-03762, slip op. 21-120 (Ct. Int'l Trade 2021) ……………………….. 2

*Canadian Wheat Bd. v. United States*,
   33 C.I.T. 1204 (Ct. Int'l Trade 2009) ………………………………………… 2

*Catawba Indian Tribe of South Carolina v. United States,*
   982 F. 2d 1564 (Fed. Cir. 1993) ……………………………………………… 4

*County of Los Angeles v. Davis*,
   440 U.S. 625 (1979) ………………………………………………………….. 4

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,*
   528 U.S. 167 (2000) ………………………………………………………….. 4

*Henke v. United States,*
   60 F.3d 795 (Fed. Cir. 1995) ………………………………………………… 3

*Home Products Int'l v. United States*,
   405 F. Supp. 3d 1368 (Ct. Int'l Trade 2019), *aff'd,*
   846 Fed. Appx. 890 (Fed. Cir. 2021) ..…………………………………… 6, 11

*In re Section 301 Cases,*
   524 F. Supp. 3d 1355 (Ct. Int'l Trade 2021) ………………………………… 3

*Int'l Custom Prods. v. United States*,
   748 F.3d 1182 (Fed. Cir. 2014) ……………………………………………… 6

*Kerr-McGee Chem. Corp. v. United States*,
   14 Ct. Int'l Trade 582 (U.S. 1990) …………………………………………… 2

*Knox v. Service Employees Int'l Union, Local 1000*,
   567 U.S. 298 (2012) ………………………………………………………….. 5

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803) ………………………………. 6

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974) ………………………………………………………….. 3

*Shinyei Corp. of Am. v. United States*,
    355 F.3d 1297 (Fed. Cir. 2004) ………………………………………………… 3

*Sumecht NA, Inc. v. United States*,
    923 F.3d 1340 (Fed. Cir. 2019) …………………………………………. 3, 4, 6

*Union Camp Corp. v. United States*,
    963 F. Supp. 1212 (Ct. Int'l Trade 1997) …………………………………….. 2

*United States v. UPS Customhouse Brokerage, Inc.*,
    714 F.Supp.2d 1296 (Ct. Int'l Trade 2010) ………………………………... 2

*VoestAlpine USA Corp. v. United States*,
    No. 20-03829 (Ct. Int'l Trade Aug. 26, 2021) …………………………... 1, 8

*Yuba Nat. Res., Inc. v. United States*,
    904 F.2d 1577 (Fed. Cir. 1990) ………………………………………………… 2

**Statutes:**

19 U.S.C. § 1581 …………………………………………………………………. 1, 7

19 U.S.C. § 1862 ("Section 232") …………………………………………………... 4

28 U.S.C. § 1585 ……………………………………………………………………. 6

28 U.S.C. § 2643 …………………………………………………………………… 3, 6

44 U.S.C. § 1507 …………………………………………………………………... 10

**Rules and Regulations:**

19 C.F.R § 159.12 …………………………………………………………....….. 10

USCIT Rule 15 ……………………………………………………………....……... 2

USCIT Rule 59(a)(1)(B) ……………………………………………………………. 1

USCIT Rule 60(b)(1) ………………………………………………………... 2

**Other:**

Proclamation 9705 (Mar. 8, 2018) ("Proc. 9705"), cl. 1–2, 83 Fed. Reg. 11,625 (March 15, 2018) …………………………………………………………… 6

## REPLY BRIEF OF PLAINTIFFS IN SUPPORT OF MOTION FOR RECONSIDERATION, RELIEF FROM JUDGMENT AND TO AMEND THE COMPLAINT

This Reply brief responds to the brief submitted by Defendant, the United States (the "government"), to Plaintiffs' motions for reconsideration, relief from judgment and to amend the complaints in this consolidated action. Upon consideration of the facts and legal principles, the Court's decision in this case suffers from mistakes of fact and law. The judgment should be vacated and the government's motion to dismiss (ECF 19) should be denied.

1. **The Court correctly ruled that subject matter jurisdiction lies under Section 1581(i).**

The Court's opinion of August 26, 2021 correctly held that jurisdiction in this case lies under 19 U.S.C. § 1581(i). Slip op. 21-108 at 16. The necessary implication is that jurisdiction cannot lie under Section 1581(a). That means that no protest or other Customs action was or could have been brought because such action would have been "manifestly inadequate." *Id.* at 19.

2. **Standard of review.**

The government correctly notes that three motions are at issue here. The motion for reconsideration, under USCIT Rule 59(a)(1)(B), permits this Court to "grant a new trial or rehearing on all or some of the issues… for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."

The motion for relief from judgment, under Rule 60(b)(1), permits this Court, "on motion and just terms" to alter or amend a judgment for "mistake." "The granting of a motion for reconsideration is within the court's sound discretion." *Canadian Wheat Bd. v. United States*, 33 C.I.T. 1204, 1206 (Ct. Int'l Trade 2009). "Reconsideration or rehearing of a case is proper when 'a significant flaw in the conduct of the original proceeding' exists." *Acquisition 362, LLC v. United States*, No. 20-03762 (Ct. Int'l Trade 2021), slip op. 21-120 at 7.[1]

The motion for leave to amend the complaint is brought under Rule 15(a)(2), which provides for amendments with leave of Court. "The court should freely give leave when justice so requires." The motion to amend the complaint would be considered after the motion for reconsideration and *vacatur* of the judgment.

### 3. Legal error.

This Court erred by dismissing the consolidated complaints on the ground of mootness. Alteration of the judgment on legal grounds requires a clear legal error, and in this case there is such an error. USCIT Rule 59(e). This case is far from moot because the United States, the Defendant in this case, retains Customs duties that rightfully should be returned to Plaintiffs. While the Department of Commerce

---

[1] Citing *United States v. UPS Customhouse Brokerage, Inc.,* 714 F.Supp.2d 1296, 1300 (Ct. Int'l Trade 2010), *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990), *Union Camp Corp. v. United States*, 963 F. Supp. 1212, 1213 (Ct. Int'l Trade 1997) and *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583, SLIP OP. 90-81 (1990)).

granted a remedy in January 2021 by retroactively applying a valid exclusion (No. 155507), it did so too late to reliquidate the entry. The January 2021 remedy interposes an intervening legal development that must be recognized. Because Commerce provided that remedy too late to prevent reliquidation administratively, only this Court has the power to do justice and order reliquidation of the subject entries. The Court in its opinion did not conclude that it lacked the power to issue such an order; and any such assertion would clearly be against the weight of binding authority. *See, e.g., Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1312 (Fed. Cir. 2004); *Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1347 (Fed. Cir. 2019); *In re Section 301 Cases,* 524 F. Supp. 3d 1355, 1363 (Ct. Int'l Trade 2021); 28 U.S.C. § 2643(c)(1).

Thus, the Court effectively determined, not that it lacked the power to order reliquidation, but that it was unwilling to do so. And that reluctance to order reliquidation was significantly based on a clear mistake of fact: the Court assumed that the Plaintiffs knew that the approved exclusion was flawed at the time of the subject entries in November 2018 and yet did nothing. This was not the case, which is fully explained in Plaintiffs' proposed amended complaint. The Court's inference was not supported by the allegations in the complaint; and any inferences drawn from the complaint must be construed in favor of Plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Henke v. United States,* 60 F.3d 795, 797 (Fed. Cir. 1995);

*Catawba Indian Tribe of South Carolina v. United States,* 982 F. 2d 1564, 1568-69 (Fed. Cir. 1993).  Plaintiffs' proposed amended complaint clears up any possible ambiguity in that respect.

The notion of mootness, as Plaintiffs pointed out in the Motion, is based on the lack of a "case or controversy."  "The party asserting mootness bears the burden of demonstrating that (1) "there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1345 n.6 (Fed. Cir. 2019)(citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 190 (2000).

The government has not met that burden here.  Plaintiffs have asked for an order to reliquidate the subject entries and to refund the Section 232 duties, which this Court has the power to grant; and the duties at issue, at least in Plaintiffs' view, remain in the wrong hands.

The Rule 59(e) motion requests a *vacatur* of the judgment in the case.  Plaintiffs recognize that an order of reliquidation and refund at this point is premature, just as the dismissal for lack of jurisdiction was.  Evidence must be presented before the Court to weigh the equities.

Although Defendant makes a standard argument that Plaintiffs are merely "relitigating" old issues, such is not the case here. The Court correctly decided the question of subject matter jurisdiction. It then proceeded to decide a second jurisdictional question based on errors of law and fact and erroneously determined that the case was moot. Reconsideration is clearly appropriate where, as here, the judgment was substantially based on legal and factual errors and without an opportunity to present evidence.

The logical flaw in the Court's decision can be stated simply: does the Court possess the *power* to order reliquidation? If it does possess that power, the case is not moot. "A case becomes moot *only when it is impossible for a court to grant any effectual relief whatever* to the prevailing party...As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Service Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (emphasis added). That is not the situation here, unless there is an absolute bar preventing this Court from granting the relief sought by Plaintiffs; ruling on a motion to dismiss is not the time for the weighing of equities.

The Court's opinion discussed the nature of this case, and pointed out that, under the Administrative Procedure Act, relief often results in a remand of a decision to the agency concerned. However, that is a general rule—it is not without exceptions. This Court has equitable powers equal to any federal district court. 28

5

U.S.C. § 1585; 28 U.S.C. § 2643(c).  Many administrative decisions are reversed without a remand to the agency concerned.[2]  e.g., *Sumecht NA, Inc. v. United States*, 923 F.3d 1340 (Fed. Cir. 2019); *Int'l Custom Prods. v. United States*, 748 F.3d 1182 (Fed. Cir. 2014).  This Court has the power to require reliquidation; and Plaintiffs remain agreed, with a valid exclusion but unable administratively to obtain refunds.  Therefore, the case is not moot: "It is a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury its proper redress." *Marbury v. Madison*, 5 U.S. 137, 147 (1803).

Moreover, the Court must recognize that this suit is not simply against the Department of Commerce; it is against the United States.  Doing justice should not depend on the unilateral allocation of responsibility (and the custody of duties) by the Executive Branch among different federal agencies.  In this case, the allocations of responsibility are entirely the invention of the Executive Branch resulting from Proclamation 9705 and subsequent amendments.  If the government is permitted to keep Plaintiffs' duties simply because Commerce erred but Customs possesses the money, the Court's ability to provide equitable relief in the interests of justice that Congress gave to the Judicial Branch would be weakened.

---

[2] "It is the Court of International Trade (and Federal Circuit), not Customs, that has the 'final' say about subject entries in trade actions." *Home Products Int'l v. United States*, 405 F. Supp. 3d 1368, 1377 (Ct. Int'l Trade 2019), *aff'd,* 846 Fed. Appx. 890 (Fed. Cir. 2021).

**4. Mistake of fact.**

The government misconstrues the significance of the mistake of fact that is crucial to the Court's decision. The opinion compounds the mistake of fact with the legal implications of it. The government agrees that the date of discovery of the flawed exclusion is "immaterial." Plaintiffs agree: no matter when the Plaintiffs discovered the mistake, resort to Customs would have been futile until the tariff number in the exclusion was corrected. The government acknowledges this; but Defendant raises the argument that Plaintiffs were required to go to Customs, not to resolve the problem, but to "[keep] the entries open" even when there was no hope of redress (Govt. brief at 7).

Defendant's aim is clear. By creating a *jurisdictional* obligation to keep the entry open, an obligation that is not present outside the realm of antidumping, the government seeks to insert Customs impermissibly into the steel exclusion process, having argued unsuccessfully that this case should fall under Section 1581(a) jurisdiction. That would contravene the Court's finding in the August opinion that jurisdiction properly lies under Section 1581(i) and not Section 1581(a) because resort to Customs processes was "manifestly inadequate."

The Court correctly concluded that this case arises from an error by Commerce, but that initial error did not by itself create a cause of action. Plaintiffs suffered "injury in fact" by the liquidation of the entries by Customs, but that also

7

did not create a case. The Commerce decision to apply a new exclusion (No. 155507) retroactively to 2018 finally created the possibility of relief, but only through this Court's power to order reliquidation of entries.

Before that time, any resort to Customs to fix the problem, even before liquidation, would clearly have been "manifestly inadequate," indeed totally futile, as this Court rightly concluded. *See* slip op. at 18-19.

The Court may yet conclude that the Plaintiffs proved themselves unworthy of equitable remedies by their delay in seeking a solution. However, such a conclusion at the motion to dismiss stage is premature.

The importance of the mistake of fact about Plaintiffs' state of knowledge in 2018 is that it assumes Plaintiffs could have solved the problem without the entries being finally liquidated. But this is not true—the only way the problem could be solved lay in the hands of Commerce by Commerce's own choice. Any delay did not prejudice the government. Plaintiffs eventually learned of the flawed exclusion, and much later of a potential remedy. The government agrees that the date of discovery of the flaw was "immaterial." The only way to apply the exclusion to the subject entries was to correct the tariff number and apply that correction retroactively; and Commerce was put in sole charge of that process. If anyone was dilatory, it was Commerce in not disclosing an adequate means to address the situation until September 2020.

The lack of any public information about how to fix a bad tariff number in a granted exclusion retroactively lies squarely at the feet of the Defendant United States. It was not until September 2020 that Commerce finally revealed a potential remedy to Plaintiffs. After that course of action became clear, Plaintiffs promptly filed a new exclusion request with the correct tariff number and, when that was granted, applied to Commerce for retroactive application of that exclusion back to the submission date of the original exclusion request. Commerce only granted that request in January 2021, long after final liquidation.

These procedures are entirely the creation of the Executive Branch, and the government must live with their consequences. Under those procedures, the entries had finally liquidated before relief was available. Final liquidation cannot be the final deadline for correction of this error, one that Commerce made.

5. **The crux of this case is whether final liquidation precludes any possibility of relief for Plaintiffs.**

The crux of this case is whether the government is correct that final liquidation (which in this case occurred in April 2020, 180 days after liquidation of the entries) extinguishes as a matter of law any hope of recovering a refund of duties that the government seeks to retain despite a valid and timely exclusion. If the government's argument is correct, and this Court is prohibited from granting relief in the form of an order of reliquidation and refund, this case is indeed over. If, however, this court has the authority to order reliquidation, this case cannot be moot.

9

This Court has the responsibility to determine whether equitable relief is appropriate. In the original opinion, the Court offered several approaches, none of which would have been effective. Applying to extend liquidation permits Customs to approve *or deny* the request ("good cause" is the standard; *see* 19 CFR § 159.12(a)(1)(ii)). A protest after the date of liquidation would have been denied, because there was no valid exclusion until January 2021. Moreover, Customs is not required to keep an entry "open." Plaintiffs were in a quandary for which Commerce did not provide a way out until September 2020 and did not apply until January 2021. Final liquidation in these circumstances cannot be an absolute bar to obtaining any relief.

As for a "resubmission" procedure, the Court correctly noted that such a process was announced in June 2019 ("FAQs") on the internet.[3] There was nothing about this process in the regulations and Plaintiffs were not made aware of the FAQs until much later. In any case, the FAQs failed to address the issue here: an *approved* exclusion with a *bad* tariff number. The application of the "resubmission" process was therefore not covered by the FAQs.

---

[3] Legally, Plaintiffs are on notice when a regulation is officially published, and FAQs posted on the Commerce web site do not meet that requirement. 44 U.S.C. § 1507. The government has not explained why the resubmission process was not published in the Federal Register.

Plaintiffs do not claim that they were perfectly diligent. But the responsibility for this situation must be shared by Commerce (and to some degree, Customs for not detecting a non-existent tariff number that did not even exist in the HTSUS). "Contributory negligence" in steel exclusion proceedings, reminiscent of 19th Century tort law, is not the appropriate standard. The government must defend its action or rectify its mistakes.

To determine whether an order of reliquidation is appropriate, the Court must consider the facts and circumstances; only then can the Court determine whether reliquidation and refund is in the interest of justice in this case. ("[W]hether the court corrects the liquidations and enforces the judgment depends on a weighing of equitable factors in each case." *Home Products Int'l, supra,* 405 F. Supp. 3d at 1377).

The equities in this case must, in the interest of justice, be reviewed thoroughly. The United States (which encompasses both Commerce and Customs) failed in several respects, all of which should be considered by this Court: (1) issuing an erroneous and unlawful exclusion determination; (2) failure to review the exclusion request for an accurate (and extant) tariff number; and (3) failure to apprise Plaintiffs (or the public) of an available remedy to address an exclusion that is not usable to obtain refund of duties, which led to delay such that final liquidation

ensued. Plaintiffs also made mistakes, including placing an invalid tariff number in their exclusion request.

Dismissing this case at this preliminary stage, without a "weighing of the equitable factors," was clear error.

### 6. Conclusion.

For the reasons stated herein, Plaintiffs submit that their motions for reconsideration, relief from judgment and to amend the complaints be granted.

                                                Respectfully submitted,

                                                /s/ Lewis Leibowitz
                                                Lewis E. Leibowitz
                                                The Law Office of Lewis E. Leibowitz
                                                1400 16th Street, N.W., Suite 350
                                                Washington, D.C. 20036

                                                Phone: (202) 776-1142
                                                Email: lewis.leibowitz@lellawoffice.com

November 12, 2021                            *Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 2748 words, excluding the Table of Contents, Table of Authorities and other portions excepted from the word limitation. In preparing this certificate of compliance, the undersigned relied upon the word count function of the word processing system used to prepare this brief.

/s/ Lewis E. Leibowitz